GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>         -v-<br><br>CAROLYN BUFF,<br><br>                    Defendant. | No. 19 Civ. 5549<br><br>**COMPLAINT** |

       Plaintiff the United States of America (the "United States"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, brings this civil action to collect the unpaid civil penalties assessed against Defendant Carolyn Buff ("Buff") for her failure to report her financial interest in foreign bank accounts, as required under the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 et seq., and its implementing regulations, in calendar years 2006, 2007, and 2008; and to collect amounts that have continued to accrue since the date of assessment.  The United States alleges upon information and belief as follows:

## JURISDICTION AND VENUE

      1.     The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) and 31 U.S.C. § 5321(b)(2), at the direction of the Attorney General of the United States and at the request of,

and with the authorization of, the Commissioner of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury of the United States.

2.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355 because it arises under a federal statute and the United States is the plaintiff.

3.      Venue is proper in this district under 28 U.S.C. § 1391(c)(3).

## REGULATORY BACKGROUND

4.      Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach person subject to the jurisdiction of the United States . . . having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country," was required to report that interest for each calendar year in which such relationship existed.  31 C.F.R. § 103.24 (2008).[1]

5.      To fulfill this requirement, a U.S. person was required file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, also known as an "FBAR," by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 103.27(c) (2008); *see also United States v. Yermian*, No. SACV 15-0820-DOC, 2016 WL 1399519, at *3 (C.D. Cal. Mar. 18, 2016) ($10,000 threshold met where "the aggregate amount in the accounts exceeds $10,000 in U.S. currency at any time during the year").

---

[1] The regulations under 31 U.S.C. § 5314 have been amended since the time at issue and recodified at 31 C.F.R. pt. 1010.

6.      Section 5321(a)(5) of Title 31 authorizes the imposition of civil penalties for failure to comply with the reporting requirements of § 5314.  Specifically, § 5321(a)(5)(B) provides for a civil penalty in an amount up to $10,000.

7.      The penalty set forth under 31 U.S.C. § 5321(a)(5)(B) is subject to interest and further penalties pursuant to 31 U.S.C. § 3717.

## FACTUAL BACKGROUND

8.      Buff was a U.S. citizen during calendar years 2006, 2007, and 2008.  Buff last filed a timely U.S. tax return for tax year 2000, and in July 2010, filed belated U.S. tax returns for tax years 2003 through 2008.

9.      During calendar years 2006, 2007, and 2008, Buff did not reside in the United States.

10.     The FBAR Penalties assessed against Buff arise from six bank accounts in foreign countries in which she had a financial interest: a bank account at Union Bank of Switzerland ("UBS"); three bank accounts at Barclays Bank ("Barclays"); and two bank accounts at BNP Paribas Bank ("BNP").

**A.  The UBS Account Ending in 8178**

11.     From 1991 to at least 2009, Buff had a financial interest in an account at UBS bearing number XXX-XXXXX8178[2] (the "8178 Account").

12.     The 8178 Account was a bank, securities, or other financial account in a foreign country.

---

[2] Pursuant to Federal Rule of Civil Procedure 5.2(a)(4), all but the last four digits of financial account numbers herein are redacted.

3

13.     The balance of the 8178 Account in calendar years 2006, 2007, and 2008 was at all times greater than $10,000.

14.     During calendar years 2006, 2007, and 2008, Buff had a financial interest in the 8178 Account.

15.     In 2009, Buff closed the 8178 Account, and transferred the funds in the 8178 Account to an account she opened in 2009 with Hyposwiss Bank, located in Switzerland.

**i.  Calendar Year 2006**

16.     The balance of the 8178 Account in calendar year 2006 was greater than $10,000.

17.     The highest account balance for the 8178 Account for calendar year 2006 was approximately $1,888,930.

18.     The year-end balance for the 8178 Account for calendar year 2006 was approximately $1,888,930.

19.     The due date for filing an FBAR for calendar year 2006 was June 30, 2007.  On that date, the balance for the 8178 Account was approximately $1,968,165.

20.     Buff failed to file an FBAR to report her interest in the 8178 Account for calendar year 2006 by the June 30, 2007 deadline.  Accordingly, Buff failed to timely disclose the 8178 Account for calendar year 2006, as required by 31 U.S.C. § 5314.

**ii.  Calendar Year 2007**

21.     The balance of the 8178 Account in calendar year 2007 was greater than $10,000.

22.     The highest account balance for the 8178 Account for calendar year 2007 was approximately $2,047,400.

23.     The year-end balance for the 8178 Account for calendar year 2007 was approximately $2,047,400.

4

24.     The due date for filing an FBAR for calendar year 2007 was June 30, 2008.  On that date, the balance for the 8178 Account was $1,736,775.

25.     Buff failed to file an FBAR to report her interest in the 8178 Account for calendar year 2007 by the June 30, 2008 deadline.  Accordingly, Buff failed to timely disclose the 8178 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

### iii. Calendar Year 2008

26.     The balance of the 8178 Account in calendar year 2008 was greater than $10,000.

27.     The highest account balance for the 8178 Account for calendar year 2008 was approximately $1,426,150.

28.     The year-end balance for the 8178 Account for calendar year 2008 was approximately $1,426,150.

29.     The due date for filing an FBAR for calendar year 2008 was June 30, 2009.  The balance for the 8178 Account on that date is unknown.

30.     Buff failed to file an FBAR to report her interest in the 8178 Account for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Buff failed to timely disclose the 8178 Account for calendar year 2008, as required by 31 U.S.C. § 5314.

## B.  The Barclays Accounts

31.     In 2004, Buff opened three accounts at Barclays, bearing numbers XXXXX6001 (the "6001 Account"), XXXXX0901 (the "0901 Account"), and XXXXX0902 (the "0902 Account") (collectively, the "Barclays Accounts").

32.     The Barclays Accounts were bank, securities, or other financial accounts in a foreign country.

33.     During calendar years 2006, 2007, and 2008, Buff had a financial interest in the Barclays Accounts.

### i.   Calendar Year 2006

34.     The highest account balances for the Barclays Accounts for calendar year 2006 were approximately: (a) $1,086 for the 6001 Account; (b) $1,028 for the 0901 Account; and (c) $0 for the 0902 Account.

35.     The year-end balances for the Barclays Accounts for calendar year 2006 were approximately: (a) -$129 for the 6001 Account; (b) $1,028 for the 0901 Account; and (c) $0 for the 0902 Account.

36.     The due date for filing an FBAR for calendar year 2006 was June 30, 2007.  On that date, the balances for the Barclays Accounts were approximately: (a) $21,250 for the 6001 Account; (b) $9,393 for the 0901 Account; and (c) $59 for the 0902 Account.

37.     The aggregate balance of the 8178 Account, Barclays Accounts, and Buff's account at BNP in calendar year 2006 was greater than $10,000.

38.     Buff failed to file an FBAR to report her interest in the Barclays Accounts for calendar year 2006 by the June 30, 2007 deadline.  Accordingly, Buff failed to timely disclose the Barclays Accounts for calendar year 2006, as required by 31 U.S.C. § 5314.

### ii.  Calendar Year 2007

39.     The highest account balances for the Barclays Accounts for calendar year 2007 were approximately: (a) $42,629 for the 6001 Account; (b) $17,758 for the 0901 Account; and (c) $118 for the 0902 Account.

40.     The year-end balances for the Barclays Accounts for calendar year 2007 were approximately: (a) $42,629 for the 6001 Account; (b) $17,758 for the 0901 Account; and (c) $118 for the 0902 Account.

41.     The due date for filing an FBAR for calendar year 2007 was June 30, 2008.  On that date, the balances for the Barclays Accounts were approximately: (a) $19,989 for the 6001 Account; (b) $1,962 for the 0901 Account; and (c) $117 for the 0902 Account.

42.     The aggregate balance of the 8178 Account, Barclays Accounts, and Buff's account at BNP in calendar year 2007 was greater than $10,000.  Further, the balances for the 6001 and 0901 Accounts in calendar year 2007 were each greater than $10,000.

43.     Buff failed to file an FBAR to report her interest in the Barclays Accounts for calendar year 2007 by the June 30, 2008 deadline.  Accordingly, Buff failed to timely disclose the Barclays Accounts for calendar year 2007, as required by 31 U.S.C. § 5314.

**iii. Calendar Year 2008**

44.     The highest account balances for the Barclays Accounts for calendar year 2008 were approximately: (a) $19,989 for the 6001 Account; (b) $22,255 for the 0901 Account; and (c) $116 for the 0902 Account.

45.     The year-end balances for the Barclays Accounts for calendar year 2008 were approximately: (a) $334 for the 6001 Account; (b) $22,255 for the 0901 Account; and (c) $116 for the 0902 Account.

46.     The due date for filing an FBAR for calendar year 2008 was June 30, 2009.  On that date, the balances for the Barclays Accounts were approximately: (a) $16,749 for the 6001 Account; (b) $64,034 for the 0901 Account; and (c) $0 for the 0902 Account.

47.     The aggregate balance of the 8178 Account, Barclays Accounts, and Buff's two accounts at BNP in calendar year 2008 was greater than $10,000.  Further, the balances for the 6001 and 0901 Accounts in calendar year 2008 were at least at certain times each greater than $10,000.

48.     Buff failed to file an FBAR to report her interest in the Barclays Accounts for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Buff failed to timely disclose the Barclays Accounts for calendar year 2008, as required by 31 U.S.C. § 5314.

**C.  The BNP Accounts**

49.     Beginning in or around 2000 to at least 2008, Buff had a financial interest in an account at BNP bearing number XXXXXXXX9652 (the "9652 Account").

50.     Beginning in or around 2008, Buff had a financial interest in an account at BNP bearing number XXXXXXXX3995 (the "3995 Account") (together with the 9652 Account, the "BNP Accounts").

51.     The BNP Accounts were bank, securities, or other financial accounts in a foreign country.

52.     During calendar years 2006, 2007, and 2008, Buff had a financial interest in the 9652 Account, and during calendar year 2008, Buff had a financial interest in the 3995 Account.

**i.  Calendar Year 2006**

53.     The highest account balance for the 9652 Account for calendar year 2006 was approximately $1,388.

54.     The year-end balance for the 9652 Account for calendar year 2006 was approximately $1,388.

55. The due date for filing an FBAR for calendar year 2006 was June 30, 2007. On that date, the balance for the 9652 Account was approximately $2,025.

56. The aggregate balance of the 8178 Account, the Barclays Accounts, and the 9652 Account in calendar year 2006 was greater than $10,000.

57. Buff failed to file an FBAR to report her interest in the 9652 Account for calendar year 2006 by the June 30, 2007 deadline. Accordingly, Buff failed to timely disclose the 9652 Account for calendar year 2006, as required by 31 U.S.C. § 5314.

**ii. Calendar Year 2007**

58. The highest account balance for the 9652 Account for calendar year 2007 was approximately $2,661.

59. The year-end balance for the 9652 Account for calendar year 2007 was approximately $2,661.

60. The due date for filing an FBAR for calendar year 2007 was June 30, 2008. On that date, the balance for the 9652 Account was approximately $1,042 for the 9652 Account.

61. The aggregate balance of the 8178 Account, the Barclays Accounts, and the 9652 Account in calendar year 2007 was greater than $10,000.

62. Buff failed to file an FBAR to report her interest in the 9652 Account for calendar year 2007 by the June 30, 2008 deadline. Accordingly, Buff failed to timely disclose the 9652 Account for calendar year 2007, as required by 31 U.S.C. § 5314.

**iii. Calendar Year 2008**

63. The highest account balances for the BNP Accounts for calendar year 2008 were approximately: (a) $1,042 for the 9652 Account; and (b) $1,505 for the 3995 Account.

64.     The year-end balances for the BNP Accounts for calendar year 2008 were approximately: (a) $0 for the 9652 Account; and (b) $1,505 for the 3995 Account.

65.     The due date for filing an FBAR for calendar year 2008 was June 30, 2009.  On that date, the balances for the BNP Accounts were approximately: (a) $0 for the 9652 Account; and (b) $1,257 for the 3995 Account.

66.     The aggregate balance of the 8178 Account, the Barclays Accounts, and the BNP Accounts in calendar year 2008 was greater than $10,000.

67.     Buff failed to file an FBAR to report her interest in the BNP Accounts for calendar year 2008 by the June 30, 2009 deadline.  Accordingly, Buff failed to timely disclose the BNP Accounts for calendar year 2008, as required by 31 U.S.C. § 5314.

**D.  Examination and Assessment of Civil Penalties**

68.     In September 2011, Buff belatedly filed certain FBARs for calendar years including 2006, 2007, and 2008, which reported her financial interest in the 8178 Account. Those FBARs did not report Buff's financial interest in the Barclays Accounts or the BNP Accounts for calendar years 2006, 2007, and 2008.

69.     The IRS commenced its FBAR examination of Buff in September 2011.

70.     On several occasions between May 2013 and June 2016, Buff's authorized representative agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty for calendar years 2006, 2007, and 2008, ultimately extending the deadline for assessment until December 31, 2017.

71.     On or about September 15, 2016, the IRS notified Buff by letter that it proposed to assess penalties totaling $60,000.00 (the "FBAR Penalties") against Buff for her failure to comply with FBAR filing requirements for calendar years 2006, 2007, and 2008.

72.     Specifically, the IRS proposed to assess a penalty in the amount of $20,000.00 for Buff's failure to file FBARs for each of calendar years 2006, 2007, and 2008.

73.     Buff requested an appeal of the proposed FBAR Penalties, and the IRS's Appeals Office received her appeal for consideration on or about November 21, 2016.

74.     On June 14, 2017, the IRS assessed the FBAR Penalties as proposed.

75.     On or about July 7, 2017, the IRS notified Buff of the FBAR Penalties that were assessed on June 14, 2017.

76.     Since the date on which the IRS assessed the FBAR Penalties, interest and additional penalties have accrued, and continue to accrue, pursuant to 31 U.S.C. § 3717(a)-(e).

**CLAIM FOR RELIEF**
**Judgment for Civil Penalties, 31 U.S.C. § 5321(a)(5)**

77.     The United States repeats and realleges the allegations in paragraphs 1 through 76 with the same force and effect as if set forth fully herein.

78.     By this action, the United States seeks to collect the FBAR Penalties assessed against Buff by the IRS on June 14, 2017, plus interest and additional penalties that have accrued and that continue to accrue as provided by law.

79.     Buff owes the United States FBAR Penalties totaling $60,000, plus $3,678.90 in associated penalties and $613.16 in accrued interest pursuant to 31 U.S.C. § 3717 which had accrued as of June 22, 2018, and which continue to accrue, less any amounts collected.

80.     The United States may bring suit to recover the FBAR Penalties assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the FBAR Penalties were assessed.  31 U.S.C. § 5321(b)(2)(A).  This action is brought within the 2-year limitations period.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff the United States of America respectfully requests that the

Court enter judgment:

(a)    awarding the United States the amount of Buff's assessed and/or accrued

FBAR Penalties totaling $64,292.06, plus interest and additional penalties as allowed by law

from June 22, 2018, to the date of payment; and

(b)    granting the United States its costs incurred in connection with this action,

along with such further relief as the Court may deem just and proper.

Dated:    June 13, 2019
          New York, New York

                              GEOFFREY S. BERMAN
                              United States Attorney for the
                              Southern District of New York


                    By:     _/s/ Casey K. Lee_____
                              CASEY K. LEE
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.:  (212) 637-2714
                              Fax: (212) 637-2686
                              casey.lee@usdoj.gov