UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA,                    :

                    Plaintiff,          :

           v.                              :                    **REPORT AND RECOMMENDATION**

CAROLYN BUFF,                                :                    19-CV-5549 (GBD) (KNF)

                Defendant.        :
-----------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE

***Background***

       The plaintiff commenced this action to collect the unpaid civil penalties assessed against

defendant Carolyn Buff ("Buff") for failure to report her financial interest in foreign bank

accounts, as required under the Bank Secrecy Act ("BSA"), 31  U.S.C. § 531, in calendar years

2006, 2007 and 2008, and to collect amounts that have continued to accrue since the date of

assessment.  An affidavit of service, by Yoler Jean-Baptiste, states that, on August 6, 2019, the

defendant was served with the summons and complaint at 340 Riverside Drive, Apt. 12A, New

York, New York 10025, by delivering a copy of each document to "'John Doe' (Name Refused)

-Doorman" at that address and mailing a copy of the documents to the same address on August 7,

2019.  Docket Entry No. 8.  By an order dated October 6, 2020, the defendant was directed to file

her answer to the complaint on or before November 20, 2020.  See Docket Entry No. 26.  The

defendant, proceeding pro se, filed a document styled "Defendant's Response to Plaintiff's

Complaint," on November 9, 2020, "rais[ing] the following two issues in response to the

Plaintiff's Complaint in this case": (1) "failure to provide underlying evidence of claims" and

"evidence of sums cited in the complaint"; and (2) "improper service," asserting she did not

reside at the address at which she was allegedly served, which was her father's home and she

learned about this case by conducting "a google search of my name."  The defendant requested:

(a) an order directing the plaintiff to "provide the evidence underlying its submission"; (b) an

"order that the Plaintiff serve me properly at the following address: c/o Steven Kraft,

Banhofplatz 9, 8001 Zurich, Switzerland": (c) "[r]edaction of my name from all court

documents, including this one"; and (d) "[t]he dismissal of all interest and penalties."  Docket

Entry No. 27.  Alternatively, the defendant requested "[d]ismissal of this case until the Plaintiff

has exhausted all non-judicial remedies."

### *Defendant's Motion to Dismiss*

On December 14, 2020, the defendant made a motion to dismiss the complaint or,

alternatively, for summary judgment.  <u>See</u> Docket Entry No. 29.  The defendant asserts in her

memorandum of law that the plaintiff failed to serve her with the complaint within 90 days after

filing the complaint, as required by Rule 4(m) of the Federal Rules of Civil Procedure.  The

defendant contends that she has not received the information she requested from the plaintiff on

May 23, 2019, pursuant to the Freedom of Information Act ("FOIA").  She contends that "the

date of the first transaction was 2006 and the last in 2008, meaning that six years expired in

2014."  According to the defendant, she is unaware of the proceedings set out in the complaint

"allegedly engaged in on my behalf during the years 2014-2017."  The plaintiff "has provided no

justification for its suggestion that it must engage in further investigations 13 to 15 years after the

facts at issue, and indeed such investigations would be contrary to fundamental fairness."  The

defendant contends that the complaint does not contain any allegations specifically identifying a

need for further investigation, in contravention of Rule 11(b)(3) of the Federal Rules of Civil Procedure.

In support of the motion, the defendant submitted a document styled "Addendum-on Service" in which she "expands on the submissions . . . made in this Motion on December 11, 2020 with respect to the Government's failure to properly serve its Complaint against me.  This may concern public policy beyond this case."  In that document, indicating the defendant's address in France below her signature and the words "Sworn before me" above the seal indicating "Marc Parizot Notaire" in Geneva, Switzerland, the defendant asserts that she has not lived at "340 Riverside Drive in Manhattan" since 1993, "although I visited my father there approximately two or three times a year there while he was still alive.  He passed away on July 4, 2018, and I have not had access to the apartment since."  The defendant contends that, "between 1995 and 2010," she was working in countries with no effective mail service and used her father's address as a mailing address.  In 2015, the defendant lived in the United States at a different address that she also used to receive mail.

On December 15, 2020, the defendant filed an amended notice of motion to dismiss or, alternatively for summary judgment.  See Docket Entry No. 32.  In support of the amended motion, the defendant submitted a document styled "Amended [Pursuant to Rule 15(a)(1)] Motion To Dismiss with Prejudice or in the Alternative Motion for Summary Judgment (Pursuant to Rules 12 or 56 of the Federal Rules of Civil Procedure) Amended-Affirmation/Declaration," Docket Entry No. 32-1.  In that document, the defendant asserts that: (i) "the Government or plaintiff has never served me with its Complaint against me";  (ii) "the government has failed to provide information it is legally required to provide thus interfering with the efficient administration of justice"; (iii) "the Government filed its complaint after the

expiry of the Statute of Limitations"; and (iv) "the Government is time-barred from conducting investigations in this case." The defendant asserts that the purpose of the amended motion is "to elaborate on the issue of service."

According to the defendant, the affidavit of service in this case indicates that, on "August 9, 2019," the complaint was served on the doorman at 340 Riverside Drive, Apt 12A, New York, New York 10025, and was sent by mail to the same address, on August 7, 2019. The defendant contends that she lives and works abroad and visited her father at that address "two or three times a year" before he passed away in July 2018, after which she had no access to the apartment. Since the defendant worked in countries with no effective mail service from 1995 through 2010, she used her father's address as a mailing address and her father would send any correspondence from the Internal Revenue Service ("IRS") to the family accountant, Harvey Mendelsohn ("Mendelsohn"). Mendelsohn would contact the defendant when necessary to file her tax returns. The defendant lived in the United States in 2015, at a different address where she received mail. The defendant asserts that the plaintiff's description by category in the Rule 26 initial disclosure was improper; instead, the plaintiff should have produced documents. The defendant maintains that the one-year statute of limitations expired on the plaintiff's claims filed on June 13, 2019. According to the defendant, the plaintiff indicates in its initial disclosure that it intends to depose the defendant and her relatives and former accountant, which amounts to continuing investigation without any explanation for the need to conduct further investigation years after the facts at issue.

***Plaintiff's Opposition to the Motion to Dismiss and Cross-Motion for Alternative Service***

The plaintiff opposed the defendant's motion and filed a cross-motion for leave to serve the defendant by electronic mail, pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.

The plaintiff contends that the defendant's assertion of improper service is meritless because the plaintiff "satisfied these requirements by mailing the papers to Buff's Manhattan address and, after four attempts to serve Buff at that location directly but unable to reach her in her apartment, leaving copies with the building's doorman," which was appropriate under New York law, and the Manhattan address was "expressly provided as Buff's in the last written communication that her representative sent to the IRS before it assessed the relevant penalties."  The defendant "attacks this service by claiming in a submission notarized in Switzerland that she has not had access to the apartment, her family home, since her father's death in 2018, see Buff Notarized Decl. ¶ 4, and, in an unsworn and un-notarized letter, claims 'surprise' at the doorman's actions." However, her challenge is meritless because her declaration is not made under penalty of perjury and cannot rebut the process server's affidavit.  Moreover, "even if Buff had properly sworn that she has 'not had access' to the Manhattan address since 2018, this vague and cursory statement does not satisfy her burden to 'swear to specific facts' sufficient to rebut the numerous, discrete indicia of permanence set forth by the affidavit of service."  Assuming that "Buff raised a sufficient factual dispute about her nexus to the Manhattan address at the time of service, the proper recourse is not dismissal of the action as Buff seeks"; rather, to the extent that service must be perfected, the Court should authorize alterative service by email, since she is located in Switzerland, has undisputed knowledge of the action and has communicated with the plaintiff via email.  The plaintiff asserts that service by email would not violate any international agreement. The plaintiff maintains that "it is uncontested that Buff, an experienced international lawyer, for months has had actual knowledge of the pendency of the proceedings and the nature of the Government's claims, which arise out of a protracted administrative investigation in which she was long a participant," and she continues to use her email address to participate in the litigation.

The plaintiff contends that the complaint was filed within the applicable limitation period and the defendant consented to extend the assessment deadline to December 31, 2017.  The IRS assessed the penalties on June 14, 2016, before the extended deadline expired.  "To the extent that Buff now seeks to disavow her representative's consent to enlarge the assessment period, see Buff Memorandum of Law ('Buff Memo') [Dkt. No. 33] ¶ 5, she may not do so, as she is bound by agreements executed by her duly appointed representative with Power of Attorney."  Once the IRS assesses a penalty under the BSA, the government must commence a civil action to recover it within two years of "the date the penalty was assessed."  The plaintiff filed this action on June 13, 2019, less than two years after the assessment was made.

The plaintiff asserts that the defendant's allegations of discovery improprieties and Rule 11 violations are meritless.  The plaintiff provided properly a description of documents by category and location of documents in its initial disclosure to support its claims and followed that disclosure by producing several hundreds of pages of documents after the parties' conferral under Rule 26(f).   With respect to her FOIA request, the defendant conflates mistakenly discovery in this action with litigation over a separate FOIA request, which is not relevant to discovery in this action.  The plaintiff asserts that it has brought this action to reduce to judgment a penalty assessed properly by the IRS, in part on the basis of information about foreign accounts acknowledged by the defendant, after a considered agency investigation; thus, the plaintiff  had a factual and legal basis to assert the claims in this action.

In support of its opposition to the defendant's motion to dismiss and its cross-motion for alternative service, the plaintiff filed: (a) a declaration by its attorney, Stephen Cha-Kim ("Cha-Kim") with Exhibit A, "[c]opies of emails that I have received from Buff, including in response to my email and an email to the Court's Pro Se office on which I was included"; and (b) a

declaration by Stephanie Tse ("Tse"), "a duly commissioned Revenue Agent employed in the

New York, New York office of the Internal Revenue Service ('IRS')," with Exhibit A, an

Information Document Request ("IDR") issued to the defendant on September 1, 2011, Exhibit

B, "an executed Power of Attorney ('POA') form," dated September 21, 2011, authorizing

Mendelsohn to represent the defendant before the IRS, Exhibit C, the defendant's Report of

Foreign Bank and Financial Accounts ("FBAR") for calendar years 2003 through 2008, Exhibit

D, the additional Information Document Requests issued by the IRS during its investigation,

Exhibit E, the transcript from the defendant's August 20, 2012 deposition by the IRS, Exhibit F,

the defendant's consent forms consenting to extend time for the IRS to assess civil penalties for

FBAR violations, Exhibit G, "Form 13449" outlining the assessment of a $20,000 penalty per

year for calendar years 2006, 2007, and 2008,  Exhibit I, Mendelsohn's letter to the IRS, dated

May 26, 2016, on behalf of the defendant "stating that she wished to appeal the proposed

assessed penalty," Exhibit J, the IRS's September 15, 2016 correspondence sent to the defendant

"to the address of her father's Manhattan apartment," Exhibit K, the December 6, 2016 letter to

the IRS from Mendelsohn on behalf of the defendant, and Exhibit L, the June 14, 2015 FBAR

penalty assessed by the IRS against the defendant.  Cha-Kim contends that he conferred with the

defendant by videoconference, on December 8, 2020, pursuant to Fed. R. Civ. P 26(f), served the

defendant by email with the plaintiff's initial disclosures under Fed. R. Civ. P 26(a), and, on

December 24, 2020, emailed the defendant the plaintiff's initial production of documents.

***Defendant's Reply***

       The defendant asserts that Fed. R. Civ. P. 4(e)(1) is not the relevant rule governing

service in this case; rather, Fed. R. Civ. P. 4(f) applies because the defendant has never

established an ongoing presence in the United States and, apart from 2015, she has always met

the IRS test for physical presence in a foreign country and has been eligible for the foreign earned income exclusion, all of which the defendant explained at her IRS 2012 deposition.  In 2019, the defendant lived in Europe and the alleged last known address and service on a doorman is inapplicable.  The plaintiff's declarants misrepresented the defendant's amended motion to dismiss when they asserted that the defendant confirmed her ongoing and permanent use of the Manhattan apartment.  The defendant asserts that, following her father's death in July 2018, she had no access to the Manhattan apartment, making service on the doorman inapplicable.  The defendant contends that she dismissed Mendelsohn in September 2017, two years before the plaintiff allegedly served her with process in this action and, in June 2020, she filed a malpractice claim against him.  As the defendant's current address has been indicated on her federal tax returns for close to a decade, service at the Manhattan apartment was improper.

The defendant contends that the plaintiff's request for alternative service should be denied.  The plaintiff concluded its investigation on June 14, 2017, but only filed its complaint on June 13, 2019, "the day before the filing deadline."  Thus, the plaintiff cannot now "re-submit" its complaint.  Since the defendant learned of this action by doing her own google search, her "self-notice" cannot substitute for proper and timely notice by the plaintiff.  If alternate service is allowed, "it would give the Government a greenlight to circumvent the Fed. R. Civ. P. 4(f) and cure the defect later."

The defendant asserts that the plaintiff's investigation after the expiry of the statute of limitations constitutes harassment.  The plaintiff refers to discovery under Fed. R. Civ. P. 26(b)(1); however, the plaintiff does not seek discovery from the defendant, but seeks "to remedy lacuna in Government investigations into this matter which were ongoing from no later than 2012, and this constitutes abuse of process."  For example, Tse's declaration does not

contain any information that could not have been obtained before the IRS's December 23, 2017 deadline. Thus, the declaration is not admissible because it is "the fruit of impermissible investigation conducted three years after the expiry of the Statute of Limitations." The defendant contends that Tse made factual misrepresentations in the declaration, including that the defendant participated in the joint telephone conversation with a prior revenue officer, which is "tantamount to perjury" because the defendant never had any telephone conversation with the IRS until 2020. Similarly, the assertion that the defendant consented to extend time for the IRS to assess civil penalties is untrue since she was never informed of the extensions and none of the consent forms bear her signature.

***Plaintiff's Reply***

The plaintiff contends that the defendant's assertions that the plaintiff's "effort to effect alternative service by email is untimely under Rule 4(m)" and "alternative service would be contrary to 'public policy'" are meritless. According to the plaintiff, Rule 4(m)'s 90-day service limitation does not apply to service in a foreign country under Rule 4(f), the defendant "had never previously indicated in her earlier correspondence with the Court that service had not been proper," the plaintiff acted diligently in seeking to remedy any defect in service and the defendant concedes that she had actual notice of the action. To the extent that the defendant raises new arguments in support of her motion to dismiss based on improper service and statute of limitations grounds, they do not warrant dismissal. Concerning the defendant's assertion that Rule 4(f) and not Rule 4(e)(1) applies, the relevant framework to assess the validity of service is Rule 4(e) and the plaintiff showed that "sufficient indicia of permanence" tied the defendant to the Manhattan apartment for service purposes, including representations made by the doorman that the apartment was the defendant's home in accepting papers on her behalf, information

9

provided by the defendant's power of attorney listing the address as hers and her testimony about the use of the apartment as a family home. The factual allegations raised by the defendant for the first time in her opposition to the plaintiff's motion do not support dismissal, as the defendant's statements were not "sufficiently sworn" to create an issue of fact about service. To the extent that the defendant seeks to introduce new evidence, the proper course would be to conduct an evidentiary hearing, not to dismiss the case.

### Defendant's Sur-Reply

The defendant asserts that New York law on service does not apply here and the Court should not rely on hearsay contained in the affidavit of service. Moreover, the plaintiff did not establish an "indicia of permanence" in this case. The defendant acknowledges that Rule 4(m)'s deadline to serve process does not apply to service in a foreign country and argues that the plaintiff did not act diligently in attempting to serve her. According to the defendant, the plaintiff did not show excusable neglect to justify alternative service. Given that the plaintiff had access to the defendant's 2012 deposition transcript, the plaintiff's diligence argument must fail, as the plaintiff had sufficient information about the defendant's whereabouts for a long time but chose to circumvent the requirements of Rule 4(f). The defendant asserts that she is currently residing in France, although she resided in Switzerland in 2019, and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents applies, which does not contemplate alternative service. The defendant requests "[d]ismissal of this case pursuant to FRCP Rule 12(b)(2) and (5)."

## LEGAL STANDARD

(a) Pleadings. Only these pleadings are allowed:
(1) a complaint;
(2) an answer to a complaint;
(3) an answer to a counterclaim designated as a counterclaim;

(4) an answer to a crossclaim;
(5) a third-party complaint;
(6) an answer to a third-party complaint; and
(7) if the court orders one, a reply to an answer.
(b) Motions and Other Papers.
(1) *In General.* A request for a court order must be made by motion. The motion must:
(A) be in writing unless made during a hearing or trial;
(B) state with particularity the grounds for seeking the order; and
(C) state the relief sought.

Fed. R. Civ. P. 7.

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
(1) lack of subject-matter jurisdiction;
(2) lack of personal jurisdiction;
(3) improper venue;
(4) insufficient process;
(5) insufficient service of process;
(6) failure to state a claim upon which relief can be granted; and
(7) failure to join a party under Rule 19.
A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b).


"Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not

make another motion under this rule raising a defense or objection that was available to the party

but omitted from its earlier motion."  Fed. R. Civ. P. 12(g)(2).

Waiving and Preserving Certain Defenses.
(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)-(5) by:
(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
(B) failing to either:
(i) make it by motion under this rule; or
(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

> (A) in any pleading allowed or ordered under Rule 7(a);
> (B) by a motion under Rule 12(c); or
> (C) at trial.
> (3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

Fed. R. Civ. P. 12(h).

> [A] motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c). This makes eminently good sense because a motion for judgment on the pleadings is the direct descendant of that ancient leper of the common law, the "speaking demurrer." The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim. *Irish Lesbian & Gay Org. v. Giuliani,* 143 F.3d 638, 644 (2d Cir.1998); *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.1994); *Ad–Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll.,* 835 F.2d 980, 982 (2d Cir.1987). In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. *Irish Lesbian & Gay Org.,* 143 F.3d at 644. The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief.

> Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*,'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation omitted), but a party's "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" Id. at 477 (citation omitted).

## APPLICATION OF LEGAL STANDARD

The defendant answered the complaint as contemplated by Fed. R. Civ. P. 7(a)(2) and ordered on November 20, 2020. In her answer, the defendant asserted "the following two issues in response to the Plaintiff's Complaint in this case": (1) "failure to provide underlying evidence of claims" and "evidence of sums cited in the complaint"; and (2) "improper service." The Court

interprets liberally the defendant's assertion of: (a) "failure to provide underlying evidence of claims" and "evidence of sums cited in the complaint" as an assertion of failure to state a claim upon which relief can be granted; and (b) "improper service" as an assertion of insufficient service of process. However, failure to state a claim upon which relief can be granted and insufficient service of process are affirmative defenses that must be raised by a motion under Fed. R. Civ. P. 12(b) before the answer is filed, which the defendant failed to do because she made a motion under Rule 12(b) after she answered the complaint. The defendant's pro se status does not exempt the defendant from compliance with the Federal Rules of Civil Procedure and Local Civil Rules of this court, Triestman, 470 F.3d at 477, including Local Civil Rule 7.1, which requires that all motions must include a notice of motion, "a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined" and "supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." The defendant's answer to the complaint cannot be interpreted as a motion under Rule 12, despite the improper request for relief contained in that document, because the defendant failed to comply with Local Civil Rule 7.1 of this court. Not having asserted the affirmative defense of insufficient service of process by a motion under Rule 12(b) prior to answering the complaint, the defendant waived it.

The defendant's motion to dismiss, Docket Entry No. 29, under Rule 12(b), filed after the responsive pleading, is improper and not authorized under the Federal Rules of Civil Procedure. The defendant's amended motion to dismiss, Docket Entry No. 32, the purpose of which is "to elaborate on the issue of service": (a) is not governed by Fed. R. Civ. P. 15(a)(1), as the defendant asserts; (b) to the extent it attempts to raise defenses not raised in the motion to

dismiss that were available at the time it was made, violates Fed. R. Civ. P. 12(g)(2); and (c) is not authorized under the Federal Rules of Civil Procedure.

In the defendant's sur-reply, she requested "[d]ismissal of this case pursuant to FRCP Rule 12(b)(2) and (5)." Although the defendant asserted "improper service" in her answer and a motion to dismiss, she invoked, for the first time in her sur-reply, lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), without any argument, discussion or legal authority in support. However, "[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). Thus, the defendant's invocation of a waivable affirmative defense, lack of personal jurisdiction under Fed. R. Civ. P 12(b)(2), for the first time in her sur-reply is improper and need not be considered by the Court.

### MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(c)

The Court construes the defendant's motion to dismiss under Rule 12(b) for failure to state a claim filed after she answered the complaint as a motion for judgment on the pleadings under Rule 12(c). See Patel, 259 F.3d at 126. "A motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) . . . because expiration of the statute of limitations presents an affirmative defense." Nghiem v. U.S. Dep't of Veterans Affairs, 451 F. Supp. 2d 599, 602-603 (S.D.N.Y. 2006). "[A] defendant may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008)

> The Secretary of the Treasury may assess a civil penalty under subsection (a) at any time before the end of the 6-year period beginning on the date of the transaction with respect to which the penalty is assessed.
> (2) Civil actions. --The Secretary may commence a civil action to recover a civil penalty assessed under subsection (a) at any time before the end of the 2-year period beginning on the later of--

(A) the date the penalty was assessed; or
(B) the date any judgment becomes final in any criminal action under section 5322 in connection with the same transaction with respect to which the penalty is assessed.

31 U.S.C. § 5321(b).

The plaintiff asserted in the complaint that: (1) "[o]n several occasions between May 2013 and June 2016," the defendant's "authorized representative agreed in writing to extend the time within which the Secretary of the Treasury may assess an FBAR penalty for calendar years 2006, 2007, and 2008, ultimately extending the deadline for assessment until December 31, 2017"; and (2) "[o]n June 14, 2017, the IRS assessed the FBAR Penalties as proposed." The complaint was filed on June 13, 2019. Taking the factual allegations in the complaint as true, the statute of limitations defense does not appear on the face of the complaint because the complaint alleges that the time to complete the IRS assessment was extended by the defendant's authorized representative and the complaint was filed within the 2-year statutory limitation period. Since no extrinsic evidence may be considered in determining a motion for judgment on the pleadings under Rule 12(c), the defendant failed to establish that the affirmative defense of statute of limitations appears on the face of the complaint. Accordingly, granting the defendant's motion to dismiss the complaint as time-barred interpreted as a motion for judgment on the pleadings is not warranted.

## RECOMMENDATION

For the foregoing reasons, I recommend that: (1) the defendant's motion to dismiss the complaint, Docket Entry No. 29, be denied; (2) the defendant's amended motion to dismiss the complaint, Docket Entry No. 32, be denied as moot; and (3) the plaintiff's cross-motion for leave to serve the defendant by electronic mail, Docket Entry No. 35, be denied as moot.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Any requests for an extension of time for filing objections must be directed to Judge Daniels.  ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.***  See Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Cephas v. Nash, 328 F.3d 98, 107 (2d Cir. 2003).

Dated: New York, New York                        Respectfully submitted,
       May 4, 2021

                                     *Kevin Nathaniel Fox*
                                  KEVIN NATHANIEL FOX
                                  UNITED STATES MAGISTRATE JUDGE