USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC. #
DATE FILED: SEP 1 3 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

                         Plaintiff,

          -against-

CAROLYN BUFF,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

19 Civ. 5549 (GBD)(KNF)

GEORGE B. DANIELS, District Judge:

      Plaintiff, the United States of America, brought this action against Defendant Carolyn Buff to collect unpaid civil penalties assessed against Buff for an alleged failure to report her financial interest in foreign bank accounts, as required by the Bank Secrecy Act, 31 U.S.C. § 531. Buff, proceeding *pro se*, moved to dismiss the complaint, or alternatively, for summary judgment arguing that the Government failed to serve her with the summons and complaint within 90 days of filing, as required by Federal Rule of Civil Procedure 4(m). (ECF No. 29.) Buff also filed an amended notice of motion resubmitting her motion and attaching an "Amended [Pursuant to Rule 15(a)(1)] Motion to Dismiss with Prejudice or in the alternative Motion for Summary Judgment." (ECF Nos. 32, 32-1.) The Government opposed Buff's motion and filed a cross-motion for leave to serve Buff via e-mail, under Federal Rule of Civil Procedure 4(f). (ECF No. 35.)

      Before this Court is Magistrate Judge Kevin Nathaniel Fox's May 4, 2021 Report and Recommendation (the "Report"), recommending that: (1) Buff's motion to dismiss the complaint be denied; (2) Buff's amended motion to dismiss the complaint be denied as moot; and (3) the Government's cross-motion for leave to serve Buff via e-mail be denied as moot. (Report, ECF

No. 45, at 15.)  Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal.  (*Id.* at 16.)  Buff filed timely objections on May 18, 2021.  (Def.'s Objs. to the Magistrate Judge's R. & R., ECF No. 48.)  Upon *de novo* review of Magistrate Judge Fox's Report, this Court adopts the recommendation that Defendant's motion to dismiss be denied.

## I.    FACTUAL BACKGROUND

The Bank Secrecy Act—enacted to facilitate and monitor compliance with currency regulation and tax laws—requires persons "subject to the jurisdiction of the United States . . . [who have] a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that interest each calendar year.  31 C.F.R. § 103.24 (2008).  Covered individuals must file Reports of Foreign Bank and Financial Accounts ("FBARs") disclosing their interests in "foreign financial accounts exceeding $10,000" by June 30.  *Id.* § 103.7(c).

In 2011, the Internal Revenue Service, informed Buff, who is a dual citizen of the United States and France, that she would be audited and requested information about her income and bank accounts.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. at 34, 3–4.)  Buff submitted to the IRS an executed Power of Attorney form, authorizing her New York-based accountant, Harvey Mendelsohn, to represent her with respect to all matters related to her income taxes and FBAR obligations between 2003 and 2010.  (*Id.* at 4.)  Buff also submitted untimely FBARs dated September 21, 2011, for calendar years 2003 to 2008.  (*Id.*)  On August 20, 2012, as part of the IRS investigation, Buff was deposed by an IRS attorney in New York.  (*Id.*)  Buff was represented by Mendelsohn at the deposition.  (*Id.*)   Ultimately, the IRS determined that Buff failed to disclose her interest in six bank accounts located in Switzerland and France for calendar

years 2006, 2007, and 2008. (*Id.* at 5; Pl.'s Opp'n to Def.'s Objs., ECF No. 52, at 1.) On June 14, 2017, after multiple rounds of communication with Buff and Mendelsohn, and five consented to extensions of time to assess civil penalties, the IRS assessed a civil penalty of $60,000 against Buff. (Pl.'s Opp'n at 5–6.)

After Buff failed to pay the assessed penalty, the Government filed the instant action on June 13, 2019. (*Id.* at 6.) The Government completed service on August 6, 2019 (within the 90 days allotted by Rule 4) by leaving a copy of the summons and complaint with Buff's doorman at a building on Riverside Drive in New York, and mailing copies to Buff at the Riverside Drive address—which had been provided to the IRS by Mendelsohn during the investigation. (*Id.* at 6–7; *see also* Declaration of Stephanie Tse, dated December 23, 2020, ("Tse Decl."), ECF No. 37, ¶ 15.) Mendelsohn stated that the Riverside Drive address was the address he used for Buff's tax returns and that he assumed it was her last known address. (*Id.*) Buff herself stated that she stayed at the Riverside Drive apartment, owned by her father until his death in 2018, two to three times a year. She maintained a bank account at a branch near the apartment and had her bank statements mailed to the apartment. (*See* ECF No. 32-1.) Notably, Buff responded to mail sent to the Riverside Drive apartment during the course of the IRS investigation. (Pl.'s Opp'n at 7.)

Neither Buff nor an attorney acting on her behalf filed or made an appearance in the case until June 23, 2020, eight days after the Clerk of Court issued a Certificate of Default. (ECF Nos. 15, 16.) On November 9, 2020, Buff filed a *pro se* answer in which she identified "improper service" as an argument in her defense. (ECF No. 27.) On December 14, 2020, Buff filed her first motion to dismiss. (ECF No. 30.) The following day she filed her amended motion with a supporting declaration. (ECF Nos. 32, 32-1.)

## II.      LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## III.      DEFENDANT'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS IS DENIED

Magistrate Judge Fox determined that Buff's motion to dismiss for improper service should be denied because she waived the availability of a Rule 12(b)(5) defense when she filed an answer to the Government's complaint prior to filing a motion under Rule 12(b). (Report at 13.) Buff objected to Magistrate Judge Fox's determination and contends that he impermissibly relied upon

4

waiver because neither party raised that argument in their briefing.[1] (Def.'s Objs. at 3–5.) In light of Buff's objection, this Court must review *de novo* the portion of the Report regarding improper service.[2] 28 U.S.C. § 636(b)(1)(C).

Buff argues that the Government's summons and complaint were not properly served upon her. (Def.'s Mot. to Dismiss ("Def.'s Mot.), ECF No. 32-1, ¶¶ 8–11; *see also* ECF No. 29.) Such arguments are properly made under Rule 12(b)(5) under the Federal Rules of Civil Procedure. "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). When determining whether a plaintiff has met this burden, a court may review material outside the pleadings, including affidavits and other supporting materials. *See Mende v. Milestone Tech., Inc.*, 269 F.Supp. 2d 246, 251 (S.D.N.Y. 2003).

In deciding a Rule 12(b)(5) motion, a court must look to Federal Rule of Civil Procedure 4, "which governs the content, issuance, and service of a summons" and complaint. *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010). Under Rule 4(e) of the Federal Rules

---

[1] This is Defendant's sole objection; thus, the remaining portions of the Report need only be reviewed for clear error. Having reviewed the Report for clear error and finding none, the remaining portions are adopted in their entirety.

[2] Under Rule 12(h)(1)(B)(ii), the defense of insufficient service of process under Rule 12(b)(5) may be preserved if it is included in a responsive pleading. *See, e.g., Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 730 (2d Cir. 1998) ("Rule 12(h)(1) advises a litigant to exercise great diligence in challenging personal jurisdiction . . . or service of process. If he wishes to raise [either] of these defenses he must do so at the time he makes his first significant defensive move.") Here, given Buff's *pro se* status, it is arguable that she raised an improper service argument in her answer and preserved her argument. (ECF No. 27.) Buff's answer states that she is "rais[ing]" an "issue[] in response to the Plaintiff's Complaint" and argues that she was "unaware of the Plaintiff's case against her" because she "do[es] not reside at the address" at which she was "allegedly served." Plaintiff raises these arguments under the header "Improper Service." (*Id.* ¶¶ 8, 9.) Assuming, *arguendo*, that Buff did properly preserve, this Court addresses her improper service of process arguments on the merits.

5

of Civil Procedure, service upon an individual from whom a waiver of service has not been
obtained may be effectuated by:

> (1) following state law for serving a summons in an action brought in courts of general
> jurisdiction in the state where the district court is located or where service is made; or
>
> (2) (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with
> someone of suitable age and discretion who resides there; or (C) delivering a copy of each
> to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e).

In today's modern society, "it is unrealistic to interpret [Federal Rule of Civil Procedure 4]
so that the person to be served has only one dwelling house or usual place of abode at which
process may be left." *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir.
1991)(internal citation omitted). The purpose of Rule 4 is to ensure "that service is reasonably
calculated to provide a defendant with actual notice of the action." *United States v. Mellon*, 719
F. App'x 74, 76 (2d Cir. 2018). Accordingly, "a person can have two or more 'dwelling houses
or usual places of abode,' provided each contains sufficient indicia of permanence." *Id.* (citing
*Nat'l Dev. Co.*, 930 F.2d at 257.) These indicia can give plaintiffs (and courts) confidence that the
person being served will receive notice. *Id.*

The Government asserts that it served Buff in accordance with Rule 4(e)(1). (Pl.'s Opp'n
at 10.) Specifically, the Government contends that Buff was served in the Southern District of
New York consistent with New York Civil Law and Practice Rules § 308(2), which
permits "service upon a natural person . . . by [1] delivering the summons within the state to a
person of suitable age and discretion at the actual . . . dwelling place or usual place of abode of the
person to be served and [2] . . . mailing the summons to the person to be served at his or her last
known residence . . . ." N.Y.C.P.L.R. § 308(2).

The Government has carried its burden of showing that service at the Riverside Drive apartment was sufficient.  Under New York law, "if a process server is not permitted to proceed to the actual apartment by the doorman or some other employee, the outer bounds of the actual dwelling place must be deemed to extend to the location at which the process server's progress is arrested." *F.I. duPont, Glore Forgan & Co. v. Chen*, 364 N.E.2d 1115, 1117 (N.Y. 1977).  In such a scenario, the doorman constitutes "a person of suitable age and discretion" upon whom service can be made.  *Zanghi v. Ritella*, 2020 WL 589409, at *3 (S.D.N.Y. Feb. 5, 2020) (citing *F.I. duPont*, 364 N.E.2d at 1117–18.)  Here, the process server made five attempts to serve Buff at the Riverside Drive address.  (Affidavit of Service ("Aff. Serv."), ECF No. 8, ¶ 10.)  The doorman at the building, who refused to give his name, "confirmed Carolyn Buff lived in apartment 12A," stated that "Carolyn was not home" and told the process server to try again tomorrow.  (Aff. Serv. ¶¶ 3, 10.)  During other attempts the process server was informed by the doorman that Buff was "out of town" and calls up to her apartment went unanswered.  (*Id.* ¶ 10.)  On the fifth and final attempt, the process server served the documents by leaving them with the doorman.  (*Id.*)  Thus, the Government's process server was entitled to serve the summons and complaint on Buff's doorman.

Copies of the summons and complaint were also mailed to Buff's apartment after service was made upon the doorman.  (Aff. Serv. ¶ 5.)  The Government has provided, via the declaration from IRS Agent Stephanie Tse and the Affidavit of Service, persuasive "indicia of permanence" connecting Buff to the Riverside Drive address.  *Mellon*, 719 F. App'x at 77.  When asked specifically about Buff's last known address during the IRS investigation, Mendelsohn provided the Riverside Drive address and stated that it was the address he used for Buff for tax purposes.  (Tse Decl. ¶ 15.)  Mendelsohn also responded, on Buff's behalf, to correspondence sent by the IRS

to the Riverside Drive address. (*Id.*) Moreover, Mendelsohn indicated that the Riverside Drive address belonged to Buff in his written communications to the IRS. (*Id.* ¶ 18.) Buff herself testified at her deposition that she received bank statements at the Riverside Drive address. The Government has provided sufficient indicia of permanence connecting Buff to the Riverside Drive address, such that service of process was properly effectuated under N.Y.C.P.L.R § 308(2). *See Mellon*, 719 F. App'x at 77 (finding sufficient indicia of permanence where defendant listed the address as his residence on a power of attorney form and a bank account agreement; responded to mail sent by the IRS to the address; made public representations about residing at the address; and the doorman at the apartment represented that defendant resided in the apartment.)

Buff argues that service was improper because she has not had access to the apartment on Riverside Drive since her father's death in 2018. (ECF No. 32-1, ¶ 9.) She does not address the doorman's confirmation of her residence except to say, in a letter to this Court, that she was "surprised" the doorman accepted service. (ECF No. 16.) Under New York law, "a process server's affidavit of service establishes" a presumption of proper service and Buff's unsworn and self-serving assertions are insufficient to overcome this presumption. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). While Buff styles her submissions as an "affirmation/declaration" because they were notarized in France, her attestations in the document are afforded little weight because they are not made under the penalty of perjury. *See* 28 U.S.C. § 1746(1) (requiring that any "sworn declaration, verification, certificate, statement, oath, or affidavit" submitted in litigation, if executed outside the United States, must expressly declare, in precise wording, that the sworn statement is made "under penalty of perjury under the laws of the United States of America"). In any event, Buff's vague statements regarding lack of access to the Riverside Drive apartment are not sworn "specific facts" that are necessary to rebut

the indicia of permanence presented by the Government.[3] *Old Republic Ins. Co.*, 301 F.3d at 58. Accordingly, service was properly effectuated upon Buff.

## IV. CONCLUSION

Magistrate Judge Fox's recommendation that Defendant's motion to dismiss be denied is adopted. The record evidence supports the conclusion that Defendant was properly served. Defendant's motion to dismiss, (ECF No. 29), is DENIED. Defendant's amended motion to dismiss, (ECF No. 32), is DENIED as moot. The Government's cross-motion for leave to serve via e-mail, (ECF No. 35) is DENIED as moot. The Clerk of Court is directed to close the motions accordingly.

Dated: September 13, 2021
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[3] While Buff is proceeding *pro se*, in response to the Government's reference to her as a lawyer, Buff indicates that she "studied law in the United Kingdom but did not complete those studies and [has] not been admitted to the bar of any country." (*See* ECF No. 55 ¶ 14.)

9