UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

        - against -

CAROLYN BUFF,

                Defendant.
------------------------------------------------------------------------X

**MEMORANDUM AND ORDER**

19-CV-5549 (GBD)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      Defendant Carolyn Buff ("Buff"), proceeding pro se, has made a motion, Docket Entry No. 62, for the Court to "recuse himself from this matter as a consequence of the Order and Recommendation (Document 45) issued in this case." According to Buff, recusal is warranted because "in making the determination in [, the Report and Recommendation appearing at Docket Entry No. 45, the Court] ignored the Plaintiff's submissions in the case, relying instead on *sua sponte* considerations." Buff concludes that "the only reasonable inference is that the Court predetermined the requisite outcome of the Motion at issue, and that when the Plaintiff failed to make its case, the Court provided its assistance to obtain the requisite outcome. Judge [George] Daniels' subsequent decision [adopting the Court's recommendation that Buff's motion to dismiss be denied] does not change these material facts." In support of the motion, Buff filed a document styled "Affirmation/Declaration." The plaintiff has not responded to Buff's recusal motion, and the time for doing so has elapsed. See Local Civil Rule 6.1 of this court.

      Local Civil Rule 7.1 of this court provides as follows:

> Except for letter-motions, as permitted by Local Rule 7.1(d) . . . all motions shall include the following motion papers: (1) A notice of motion, . . . which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion; 2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and 3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. . . . Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all oppositions and replies with respect to motions shall comply with Local Civil Rule 7.1(a)(2) and (3) above.

Local Civil Rule 7.1 (a), (b)**.**

Buff's recusal motion is procedurally defective, because she failed to comply with Local Civil Rule 7.1 of this court. Buff failed to specify in her notice of motion the rules or statutes pursuant to which the motion is brought. Buff also failed to file a memorandum of law setting forth the cases and other authorities upon which she relies in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined. Buff's failure to file a memorandum of law in support of her motion is itself a sufficient ground upon which the Court may deny the motion. See In re 2300 Xtra Wholesalers, Inc. v. 2300 Xtra Wholesalers, Inc., No. 10 Civ. 7293, 2011 WL 672353, at *1 (S.D.N.Y. Feb. 4, 2011). The Court is mindful that Buff is proceeding pro se in this action; however, "even *pro se* parties must adhere to the rules governing all civil proceedings." Baker v. Ace Advertisers' Service, Inc., 134 F.R.D. 65, 72 (S.D.N.Y. 1991).

The Court observed that Buff included in her "Affirmation/Declaration" citations to case law. This is improper, since a sworn affidavit or declaration, such as Buff submitted, is a written document containing only statements of fact. See *Affidavit*, Black's Law Dictionary (11th ed. 2019) (defining "affidavit" as "[a] voluntary declaration of facts written down and sworn to by a declarant, [usually] before an officer authorized to administer oaths"). Case law citations are not statements of fact. Therefore, they have no place in a sworn affidavit or declaration.

"Any . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. . . . He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a), (b)(1). 28 U.S.C.§ 455(a) "deals exclusively with appearances. Its purpose is the protection of the public's confidence in the impartiality of the judiciary." In re Basciano, 542 F.3d 950, 956 (2d Cir. 2008)(citation omitted). Where a reasonable person, knowing all the facts, would be justified in concluding that the court's impartiality might reasonably be questioned, then recusal is warranted. See id. The bias that requires recusal under 28 U.S.C. § 455(b)(1) must be personal and cannot be

predicated on rulings made by a judicial officer. See In re International Business Machines Corp. v. International Business Machines Corp., 618 F.2d 923, 929 (2d Cir. 1980). Therefore, bias under this provision of the statute must rest on "extrajudicial conduct." In re Drexel Burnham Lambert, Inc. v. Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1314 (2d Cir.1988). The decision whether to grant a recusal motion is left to the discretion of the judicial officer. See Apple v. Jewish Hosp. and Medical Center, 829 F.2d 326, 333 (2d Cir. 1987).

Buff's assertion that recusal is warranted because the Court "ignored Plaintiff's submissions in the case" and, instead, relied "on *sua sponte* considerations" when it analyzed her motion to dismiss and issued the report and recommendation to the assigned district judge that the motion be denied, is baseless. This is so because the Court's report, appearing at Docket Entry No. 45, quotes extensively from the memorandum of law and the "Addendum-on Service" filed by Buff in support of the arguments she urged upon the Court in connection with her motion to dismiss. No objective observer could reasonably contend that the Court overlooked Buff's submissions and, thereby, question the Court's impartiality in a circumstance such as this, where the Court referenced Buff's arguments in its report by quoting from her submissions. Although Buff contends that the Court relied "on *sua sponte* considerations," she never identifies what the "*sua sponte* considerations" are to which she makes reference. A vague and unexplained assertion, such as that made by Buff here, does not warrant granting a recusal motion.

Buff also contends that a reasonable inference can be drawn that the Court "predetermined the requisite outcome of the Motion [to dismiss] at issue, and that when the Plaintiff failed to make its case, the Court provided its assistance to obtain the requisite outcome." However, Buff failed to identify the facts, if any, upon which she relies in concluding that an inference can reasonably be drawn that the Court predetermined the outcome of her motion to dismiss. Since Buff failed to provide the Court with the specific factual information that supports her predetermination contention, the Court concludes that Buff's predetermination contention is meritless, nothing more than wild speculation lacking any factual basis. Thus, the predetermination contention provides no grounds for

recusal.

The motion record does not support a finding that the Court's impartiality might reasonably be questioned or that the Court harbors any bias against Buff: the recusal standards in 28 U.S.C.§ 455 that are noted above. Where, as here, the standards governing recusal have not been met, recusal is "not optional; rather, it is prohibited." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001).

## CONCLUSION

For the reasons set forth above, the defendant's recusal motion, Docket Entry No. 62, is denied.

Dated: New York, New York  
      October 18, 2021

SO ORDERED:

*Kevin Nathaniel Fox*  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE