UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    -v-<br><br>CAROLYN BUFF,<br><br>                Defendant. | No. 19 Civ. 5549 (GBD) (KNF) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 60**

 

DAMIAN WILLIAMS
United States Attorney
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2663

JENNIFER JUDE
Assistant United States Attorney
– Of Counsel –

The United States of America (the "Government") respectfully submits this memorandum of law in opposition to the motion of defendant Carolyn Buff ("Defendant") for reconsideration of the Court's Memorandum Decision and Order (the "Order"), Dkt. No. 56, in which the Court adopted the recommendation of Magistrate Judge Fox's May 4, 2021, Report and Recommendation, Dkt. No. 45, that Defendant's motion to dismiss be denied. Dkt. No. 66 ("Mot."). As explained herein, Defendant's motion should be denied because it is untimely and because it fails to meet the strict standard for reconsideration of an order.

## ARGUMENT

### I.  Defendant's Motion Should Be Denied Because It Is Untimely

Pursuant to Local Civil Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Here, because Defendant seeks reconsideration of the Order, which the Court entered on September 13, 2021, Dkt. No. 56, her motion was due by September 27, 2021. Defendant did not serve the instant motion until October 6, 2021, however. Dkt. No. 66, when she filed it on the ECF system. As such, her motion was untimely and it should be denied on that ground alone. *See McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion."); *see also Darnley v. Ameriquest Mortg. Co.*, No. 06-CV-4265 (DLI), 2020 WL 1536316, at *2 (E.D.N.Y. Mar. 30, 2020) ("Notably, his pro se status does not exempt him from complying with the deadline imposed by [Local Civil Rule 6.3].").

## II. Defendant's Motion Should Be Denied Because It Lacks Merit

Even if timely, a motion for reconsideration "should be granted only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The standard is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *see also Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 182-83 (S.D.N.Y. 2016) ("Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." (internal quotation marks omitted)).

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Mexico Infrastructure Fin., LLC v. Corp. of Hamilton*, No. 17 Civ. 6424 (VSB), 2020 WL 5646107, at *1 (S.D.N.Y. Sept. 21, 2020) (quoting *Analytical Surveys, Inc.*, 684 F.3d at 52). A movant "may not advance new facts, issues, or arguments not previously presented to the Court." *Polsby v. St. Martin's Press, Inc.*, No. 97 Civ. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal quotation marks and citation omitted); *see also Chavez v. Occidental Chem. Corp.*, No. 17 Civ. 3459 (PAE), 2018 WL 620488, at *1 (S.D.N.Y. Jan. 29, 2018) (Reconsideration motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." (internal quotation marks and citations omitted)).

Under Federal Rule of Civil Procedure 59(e), "a district court may 'alter or amend judgment to correct a clear error of law or prevent a manifest injustice.'" *Mexico Infrastructure Fin.*, 2020 WL 5646107, at *2 (quoting *Corsair Special Situations Fund L.P. v. Nat'l Res.*, 595 F. App'x 40, 44 (2d Cir. 2014)). "The 'manifest injustice' standard . . . provide[s] relief only in the proverbial 'rare case.'" *Id.* Similarly, Federal Rule of Civil Procedure 60(b), "provides for relief from an order for, among other reasons, 'mistake, inadvertence, surprise, or excusable neglect' or 'any other reason that justifies relief.'" *Id.* at *1 (quoting Fed. R. Civ. P. 60(b)).[1] "Where the motion merely offers substantially the same arguments . . . offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Id.* (quotation marks and citation omitted).

Defendant's motion does not meet the exacting standards for reconsideration. First, Defendant does not identify (or purport to identify) any intervening change in controlling law. *See* Mot. at 2-4 ("Errors of Law"). Second, Defendant notes that she has presented "[a]dditional evidence that was not available at the time of original pleadings." *Id.* at 7. But this evidence—a rental contract for Defendant's lodging in Geneva, Switzerland, in 2018-2020, and report cards for her son at a Swiss school for the same time period, *id.* at 7-9—does not undermine the Court's holding. As the Order correctly states, a person who has multiple dwellings can still be served at each of them "provided each contains sufficient indicia or permanence." Order at 6 (citation and internal quotation marks omitted). Thus, evidence suggesting permanence at an

---

[1] Defendant filed her motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. Mot. at 1. However framed, her burden is the same. *Joseph v. Beth Israel Med. Ctr.*, No. 13-CV-02961 NGG CLP, 2015 WL 851987, at *2 (E.D.N.Y. Feb. 26, 2015) ("Whether filed under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, a motion to reopen or for reconsideration is not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (internal quotation marks and citation omitted)).

abode in Switzerland does not demonstrate that the Government's service of Defendant at a Manhattan apartment on Riverside Drive was insufficient.

Finally, Defendant has not identified "a need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel*, 729 F.3d at 104. Instead, the balance of her motion seeks to relitigate her connection to the Riverside Drive apartment by arguing that the Court failed to "take into account [her] repeated sworn statements" that she has lived abroad since 1994. Mot. at 7. But the Court did address Defendant's statements; it explained that those statements are entitled to little weight because they were not made under penalty of perjury and, in any case, do not "rebut the indicia or permanence presented by the Government." Order at 8-9. As Defendant has failed to identify any circumstances entitling her to extraordinary relief from the Order, her motion for reconsideration should be denied.

## CONCLUSION

For the reasons set forth above, the Court should deny Defendant's motion for reconsideration.

Dated:   October 19, 2021
         New York, New York

                                      DAMIAN WILLIAMS
                                      United States Attorney for the
                                      Southern District of New York

By:   */s/ Jennifer Jude*
      JENNIFER JUDE
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Tel.: (212) 637-2663
      jennifer.jude@usdoj.gov