UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America
-Plaintiff-

Case: 19-CV-5549 (GBD)

v.

Carolyn Buff
-Defendant- *Pro Se*

# REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION PURSUANT TO FRCP 60

## AFFIRMATION/DECLARATION AND MEMORANDUM OF FACT AND LAW

I, Carolyn Buff, Defendant in this case, humbly submit the following, under penalty of perjury under the Laws of the United States of America.

**A. Timeliness**

1. In its Memorandum of Law in Opposition to Defendant's Motion for Reconsideration Pursuant to Rule FRCP ("Response"), the Plaintiff asserts that my Motion is time-barred pursuant to Local Civil Rule 6.3. According to that Rule: "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served [timeline]..." My Motion relies on FRCP Rule 60 which supersedes Local Civil Rule 6.3.

1

2. The federal rules on reconsideration promote judicial efficiency by obviating the need for appeal. On this issue, I observe that the deadline for filing a Notice of Appeal of this Court's Decision-Order has not yet expired.

3. Had my Motion for Reconsideration relied exclusively on the contention that the Court erred in relying exclusively on prohibited evidence in the form of anonymous hearsay, and the Court's error in relying on FRCP rule 4 (e) rather than 4(f), then Local Civil Rule 6.3 might have been applicable.

4. And while I believe that reconsideration would have been warranted on those points alone, rather than present piecemeal submissions, a first, based on errors of fact and law, and a second, based on new evidence that was not previously available, I opted, in the interests of judicial efficiency, to submit both within "a reasonable time" as established in FRCP 60 (c) (1). Notably, I also submitted the request for reconsideration within the 28-day deadline set out by FRCP 59.[1] The Plaintiff has not argued that the extra time necessary to collect supplemental evidence that was not available at the time was "unreasonable."

5. In sum, if the Court accepts the Plaintiff's misreading of Local Civil Rule 6.3, I will have no choice but to address the substance of this matter to the appropriate appellate court; a waste of time for all concerned, in my humble opinion.

**Lack of merit**

6. The Plaintiff concedes that the purpose of FRCP 60 (b) (1) is "to provide relief from "mistake, inadvertence…excusable neglect…or any other reason that justifies relief." My Motion falls squarely within this territory.

---

[1] Decision, filed on September 13, 2021. Motion for Reconsideration filed on October 6, 2021.

7. The caselaw cited by the Plaintiff regarding the circumstances in which reconsideration is appropriate only supports my Motion. The Plaintiff argues that I have not identified any intervening change in the controlling law (Response, p. 4). This, I do not dispute.

8. In this case, reconsideration is required to address clear errors of law and evidence, perhaps inadvertently, overlooked by the Court. Moreover, I have supplemented the original evidence with new evidence that was not previously available. Thus, *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr* and *Analytical Surveys v. YLL Irrevocable Tr Inc* (Response, p. 3) do not support denial of reconsideration in this case. I have addressed the conservation of scarce judicial resources above and therefore believe that reconsideration is also consistent with *Merced Irrigation Dist. v. Barclays Bank* (Response, p. 4).

9. I am not relitigating issues that were appropriately addressed, presenting the case using a new legal theory, or taking a second bite at an apple. Nor am I advancing new facts, issues or arguments. Whether the only potentially relevant evidence adduced by the Plaintiff- the anonymous hearsay evidence of a process server - is admissible was not discussed in the decisions of Judges Fox and Daniels although I raised the issue in pleadings before them. Similarly, whether the controlling Federal Rule in this case is Rule 4 (e) or 4 (f) was not discussed in either decision, although I raised this issue too. Judge Fox made a determination that did not address the underlying evidence. Judge Daniels only considered the evidence adduced by the Plaintiff and not the evidence adduced by me. In addition, there is new evidence that was not available at the time. For these reasons, *Mexico Infrastructure Fin., LLC v. Corp. of Hamilton* and *Polsby v. St. Martin's Press, Inc* are inapposite. Further, *Chavez v. Occidental Chem. Corp* would only be relevant if the prior

decisions had addressed all the salient facts and law raised by the parties. any of the issues alone that I have raised suffice for Reconsideration.

10. In sum, the Plaintiff has failed to identify analogous case law that would result in a dismissal of the Motion for Reconsideration while I consider FRCP 60 (b) (1) and (2) to be fully on point. Any of the issues alone that I have raised suffice for Reconsideration.

**The facts**

11. The facts in this case are, as far as I know, *sui generis*. The Government relies on inapposite case law on multiple dwellings. Fewer than 15% of Americans own multiple dwellings; I am not among them.[2]

12. More crucially, the evidence I have adduced demonstrates that not only was I working and living abroad during the period before, during and after the purported service on me in Manhattan but that <u>I had no access to the Manhattan address for over a year before, and during, the purported service on me at that address, and still have no access to that address</u>-- an issue I complained about to the Manhattan apartment Coop Board and in proceedings before the Dutchess County Surrogate's Court.[3]

13. The Plaintiff refers to the Court's decision regarding the "indicia of permanence presented by the government" (Response, p. 4). First, apart from the process server's affidavit which is inadmissible because it relies on hearsay evidence, the indicia cited by the Court were from years before the August 2019 service at issue. Further, as set out in detail in the Motion, these indicia were improperly assessed suggesting that the court reversed the burden of proof.

---

[2] https://www.statista.com/statistics/228894/people-living-in-households-that-own-a-second-home-usa/
[3] Court Document 40, Annex C, and Motion for Reconsideration, Annexes J and L.

4

14. In contrast, the evidence I adduced demonstrates not only that I was working and living abroad during a very long period before, during and after the purported service on me in Manhattan, but more crucially, that <u>I had no access to the Manhattan address for over a year before, and during, the purported service on me at that address</u> (and still have no access to that address to this day) - an issue I complained about to the Manhattan apartment Coop Board and in proceedings before the Dutchess County Surrogate's Court.[4] Not to put too fine a point on it, but 'callous' is the word that most accurately describes the joint failure of the Plaintiff and the Court to consider the evidence regarding the impact of my father's death on my access to the Manhattan apartment at which I was purportedly served.[5]

**Conclusion**

15. FRCP 4 (f) was designed for individuals in my circumstances. I did not leave the United States to evade service. I left the United States 25 years before the service at issue. If the Court has the authority to override federal rules that it does not like it should say so explicitly.

16. Instead, it has concluded that I have multiple dwellings, including the Manhattan apartment. The Manhattan apartment belonged to my father. I grew up there but left to live and work abroad in 1994. My father died in 2018. I did not reside in his home for 14 years before his death and could not access his home after his death. I provided substantial evidence of this, and yet, this court has found that service on me at that address, over a year after his death, to be consistent with FRCP 4.

---

[4] Court Document 40, Annex C, and Motion for Reconsideration, Annexes J and L.
[5] Court Document 40, Annex C, and Motion for Reconsideration, Annexes J and L.

17. I accept that I am not at risk of losing my life, freedom, home, employment or child in this matter, but I nonetheless consider the impugned Decision to constitute a manifest injustice and a cruel one at that.

18. For the foregoing reasons, I ask that the Court Reconsider its Decision denying my Motion to Dismiss pursuant to FRCP 12 (b) (5).

I swear under penalty of perjury under the Laws of the United States of America that the foregoing is true.

October 27, 2021

*[signature]*

Carolyn Buff
Avenue de Tervueren 305
1150 Brussels
Belgium
carolynjbuff@yahoo.com
Tel: +33 7 84 59 90 40

Sworn before me, 27 October 2021

*[signature and stamp]*

Van Halteren,
Notaires Associés
Rue de Ligne 13
1000 Bruxelles, BE