UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

UNITED STATES OF AMERICA,

                            Plaintiff,

-against-

CAROLYN BUFF,

                            Defendant.

MEMORANDUM DECISION
AND ORDER

19 Civ. 5549 (GBD)(KNF)

------------------------------------ x

GEORGE B. DANIELS, District Judge:

      The United States of America brought this action against *pro se* Defendant Carolyn Buff to collect unpaid civil penalties assessed against Buff for violations of the Bank Secrecy Act, 31 U.S.C. § 531. Buff moved to dismiss the complaint, or alternatively for summary judgment, on grounds that the Government failed to properly serve her under Federal Rule of Civil Procedure 4(m). (ECF No. 29.) On May 4, 2021, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation (the "Report") recommending that Buff's motion to dismiss the complaint be denied. (Report, ECF No. 45, at 15.) That recommendation was adopted in full on September 13, 2021. (Memorandum Decision and Order (the "Order"), ECF No. 56.)

      Buff now moves for reconsideration of the Order pursuant to Federal Rule of Civil Procedure 60 arguing that there were errors of fact and law, as well as new evidence not previously available. (*See* Mot. for Reconsideration, ECF No. 65.) Buff also moves to introduce new evidence with respect to her motion for reconsideration. (Mot. to Introduce New Evidence, ECF

No. 87.) Buff's motion to introduce new evidence is GRANTED. Buff's motion for reconsideration is DENIED.[1]

First, Buff's motion for reconsideration is untimely. Buff's motion clearly states it seeks reconsideration pursuant to FRCP 60. A party must make such a motion within a "reasonable time...after the entry of the judgment or order..." Fed. R. Civ. P. 60 (c)(1). Local Civil Rule 6.3 provides that a motion for reconsideration must be "served within fourteen (14) days after the entry of the Court's determination of the original motion." Therefore, a reasonable time under FRCP 60 in the Southern District of New York is 14 days. Here, Defendant served her motion on October 6, 2021. (*See* ECF No. 65.) This was 23 days—not the required 14 days—after the Order was issued. Therefore, the motion is denied.

Second, the motion is meritless. A motion for reconsideration "should be granted only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Buff does not raise any intervening change of controlling law. She only takes issue with how the Order applied case law holding that a Defendant can have more than one dwelling house or usual place of abode. (*See* Aff./Dec. of Carolyn Buff, ECF No. 66.) This is not a ground for reconsideration. The remainder of Buff's considerations are just additional sworn assertions that she lived in Switzerland and not the New York building where the Government executed service. (*Id.* at 7-10.) The additional evidence she moves to introduce further support her argument that she lived in Switzerland at the time of service. However, service was deemed proper because the New York

---

[1] Buff also moved for a renewed motion to dismiss. (ECF No. 60). This motion fails to provide a basis for her motion nor provides an accompanying memorandum. Therefore, it is DENIED.

2

address was another place of abode for Buff. Her factual arguments fail to rebut the "the indicia of permanence presented by the Government" demonstrating that she also used the New York address as another usual place of abode, including the fact that her accountant used that as her primary address and she accepted mail there.[2] (*See* the Order at 8-9.) Buff's arguments do not demonstrate any clear error of fact or raise additional facts that rebut the grounds for finding that service was proper. Thus, Buff has failed to identify any circumstances entitling her to extraordinary relief from the Order.

Therefore, Defendant's Motion to Introduce New Evidence, (ECF No. 87), is GRANTED. Defendant's Motion for Reconsideration, (ECF No. 65), and Motion to Dismiss, (ECF No. 60), are DENIED. The Clerk of the Court is directed to close the motions accordingly.

Dated: August 10, 2022
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[2] The Order discussed how the address where service was executed was provided by her New York-based accountant, Harvey Mendelsohn, she responded to other mail that came to this address, and kept a bank account at a branch near the apartment.

3