Case 1:19-cv-05549-GBD-JW   Document 104   Filed 08/22/22   Page 1 of 2



**U.S. Department of Justice**
*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 22, 2022

**By ECF**
The Honorable Jennifer E. Willis
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: *United States v. Carolyn Buff*, No. 19 Civ. 5549 (GBD) (JW)

Dear Judge Willis,

  This Office represents Plaintiff the United States of America (the "Government") in this action brought under the Bank Secrecy Act, 31 U.S.C. § 5314, to collect civil penalties assessed against Defendant Carolyn Buff for her failure to report her ownership interest in certain foreign bank accounts. I write respectfully in advance of the August 26, 2022, status conference to apprise the Court of the Government's efforts to advance discovery in this matter by seeking to take Ms. Buff's deposition in France pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil and Criminal Matters (the "Hague Convention"), 23 U.S.T. 2555, 1972 WL 122493 (Mar. 18, 1970). As Your Honor is aware, the Court recently directed the Government to "proceed via the Hague Convention" should it seek to take Ms. Buff's deposition, ECF No. 99, consistent with the parties' original contemplation that discovery would be taken in this manner if Ms. Buff remained in France.

  In the preceding weeks, the Government has further conferred with the Department of Justice's Office of Foreign Litigation ("OFL") about the steps necessary to undertake discovery in France under the Hague Convention given the circumstances of this case. With OFL's assistance, the Government has identified and retained local counsel in Paris, Alexander Blumrosen of Polaris Law, to serve in the role of commissioner to assist in taking the contemplated deposition. Consequently, the Government is prepared to submit for the Court's consideration: a proposed Letter of Request for International Judicial Assistance (the "Letter of Request") and a proposed order directing the submission of a Hague Convention application by issuing the Letter of Request and appointing Mr. Blumrosen as commissioner (the "Order"), both attached hereto.

  Under Article 17 of the Hague Convention, discovery in one contracting state may be overseen by a commissioner appointed by a court in another contracting state and authorized to proceed by the judicial authority in the state in which the discovery is to take place. As the United States and France are both signatories to the Hague Convention, Article 17 supplies an avenue

through which this Court can formally request that a commissioner in France assist with the taking of discovery. *See, e.g., Dunham v. Covidien LP*, No. 1:19-cv-02851, 2020 WL 7335311, at *1 (S.D.N.Y. Dec. 14, 2020) (appointing Mr. Blumrosen as commissioner to take evidence in France under Article 17 of the Hague Convention); *Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364, 2020 WL 5439545, at *1 (S.D.N.Y. Sept. 9, 2020) (same); *Dentsply Sirona Inc. v. Edge Endo, LLC*, No. 17-1041 JFB/SCY, 2019 WL 4451033, at *4 (D.N.M. Sept. 17, 2019) (same); *see also Calhoun v. Google, LLC*, No. 5:20-cv-05146-LHK-SVK, 2021 WL 4123979, at *1 (N.D. Cal. Sept. 9, 2021) (appointing commissioner to take evidence in Switzerland under Article 17 of the Hague Convention). The Federal Rules of Civil Procedure, in turn, provide that a deposition may be taken in a foreign country under an applicable treaty or convention, or before a person commissioned by the court to administer any necessary oath and take testimony. Fed. R. Civ. P. 28(b)(1). Under Rule 28, a letter of request, such as a letter of request seeking the approval of the appointment of a commissioner under Article 17 of the Hague Convention, "may be issued: (A) on appropriate terms after an application and notice of it; and (B) without a showing that taking the deposition in another manner is impracticable or inconvenient." Fed. R. Civ. P. 28(b)(2).

Before the Government can formally request that the Court consider and enter the attached proposed Letter of Request and Order, however, one point of clarification is required: namely, that Ms. Buff consents to conducting her deposition under the Hague Convention as outlined above. Based on the consultation with OFL and local counsel in France, the Government understands that an express statement that the parties mutually and voluntarily agree to proceed in this manner must be included in this Court's formal request for judicial assistance. In light of Ms. Buff's consistent position that the Government should follow Hague Convention protocols in taking her deposition, we believe that this approach should be amenable to her. In response to the Government's request for her confirmation that she consents to the Hague Convention process, on August 19, 2022, Ms. Buff requested that the Government state "any law or rule" requiring that her position be noted in the Letter of Request and stated that she would be unable to confer further before the upcoming conference. As explained in a follow-up email to Ms, Buff, the Hague Convention itself specifies that Article 17 only applies where the testimony is taken "without compulsion." The Government respectfully requests that this issue be discussed at the upcoming conference.

The Government thanks the Court for its consideration of this matter.

                                            Respectfully submitted,

                                            DAMIAN WILLIAMS
                                            United States Attorney

By:        /s/ Stephen Cha-Kim
             STEPHEN CHA-KIM
             Assistant United States Attorney
             (212) 637-2768
             stephen.cha-kim@usdoj.gov

Encls.