UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA,

                       Plaintiff,

-against-

CAROLYN BUFF,

                       Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

19 Civ. 5549 (GBD)(JW)

GEORGE B. DANIELS, District Judge:

       The United States of America brought this action against *pro se* Defendant Carolyn Buff to collect unpaid civil penalties assessed against Buff for violations of the Bank Secrecy Act, 31 U.S.C. § 531. On October 12, 2021, Magistrate Judge Kevin N. Fox issued a scheduling Order following a status conference in which, *inter alia*, he set a discovery deadline of October 12, 2022. (Order, ECF No. 68.) On September 27, 2022, Magistrate Judge Jennifer E. Willis issued a scheduling Order following another status conference. (Order, ECF No. 116.) That Order set deadlines for further submissions to the Court and extended the discovery deadline nine days to October 21, 2022—the date of the subsequent conference. (*See id.*) Buff now moves for reconsideration of the September 27 Order, (*See* Mot. for Reconsideration, ECF No. 122), arguing (1) the Plaintiff has shown no good cause and (2) the extension was granted without the Plaintiff's request, (*see* Aff. And Memo. of Fact and Law, ECF No. 123). Buff's motion for reconsideration is DENIED.

       First, Buff's motion for reconsideration is untimely. Although she does not cite the Federal Rule of Civil Procedure governing her motion, this Court will consider the motion for reconsideration pursuant to FRCP 60. A party must make such a motion within a "reasonable time

. . . after the entry of the judgment or order." Fed. R. Civ. P. 60 (c)(1). Local Civil Rule 6.3 provides that a motion for reconsideration must be "served within fourteen (14) days after the entry of the Court's determination of the original motion." Therefore, a reasonable time under FRCP 60 in the Southern District of New York is 14 days. Here, Defendant served her motion on October 14, 2022. (*See* ECF No. 122.) This service occurred 17 days—exceeding the maximum of 14 days—after the Order was issued. Therefore, the motion is untimely.

Second, the motion is meritless. A motion for reconsideration "should be granted only when the [party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Buff does not raise any intervening change of controlling law. She only takes issue with the Plaintiff's alleged lack of good cause and the Court deciding "*sua sponte* to extend the deadline." (*See* Aff. And Memo. of Fact and Law, ECF No. 123, at 2–5.) These grounds are insufficient in a motion for reconsideration. Moreover, a district court has broad discretion to manage pre-trial discovery. *See Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005). Buff's arguments do not demonstrate any clear error or raise additional facts to challenge Magistrate Judge Willis's Order extending discovery nine days. Thus, Buff has failed to identify any circumstances entitling her to extraordinary relief from the Order.

Therefore, Defendant's Motion for Reconsideration, (ECF No. 122), is DENIED. The Clerk of the Court is directed to close the motion accordingly.

Dated: October 18, 2022
      New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge

3