UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,                        **ORDER**

                                                              **19-CV-5549 (GBD) (JW)**

           -against-

CAROLYN BUFF,

                        Defendant.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

       On November 2, 2022, Defendant filled a motion for reconsideration. Dkt. No. 135. Defendant seeks reconsideration of this Court's Order Granting Plaintiff's Motion to Compel, dated October 20, 2022. Dkt. No. 126 ("Discover Order"). In support of her motion, Defendant filed a Declaration, Dkt. No. 136 ("Buff Decl."), as well as a Memorandum of Fact and Law. Dkt. No. 137 ("Memo."). On November 14, 2022, Plaintiff filed an Opposition to the Motion. Dkt. No. 140 ("Opp."). On November 18, 2022, Defendant filed her Reply. Dkt. No. 141 ("Reply").

       A motion for reconsideration "should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

       Defendant does not argue that there has been a change of controlling law or new evidence; rather, Defendant appears to base her motion on the need to correct a

clear error or prevent manifest injustice. In that vein, Defendant states that the Court has "[become] a judicial conquistador extending its power across the ocean without consideration for the national sovereignty and law of the nation(s) it intends to invade." Memo. at 2. Defendant also disagrees with this Court's application of the law established in Société Nationale Industrielle Aérospatiale v. United States Dist. Ct. for the S. Dist. of Iowa, 482 U.S. 522 (1987), and cites to Justice Blackmun's concurrence in part, which highlights a concern for judicial overreach in compelling discovery in foreign jurisdictions. Memo. at 4-6. While those concerns may be warranted, the majority opinion in Aérospatiale, which finds that recourse to the Hague Convention is optional, remains the controlling law of the land, and that has not changed since the Discovery Order was issued. See Aérospatiale, 482 U.S. at 538 ("[T]he text of the Evidence Convention, as well as the history of its proposal and ratification by the United States, unambiguously supports the conclusion that it was intended to establish optional procedures that would facilitate the taking of evidence abroad."). Thus, the Court's reliance on Aérospatiale in granting the motion to compel remains grounded in good law.[1]

The remainder of Defendant's Motion does not raise any new arguments or facts; rather, it seeks to relitigate issues which have already been resolved by the

---

[1] Aérospatiale contains a discussion of the same sovereignty concerns that Defendant raises in her Motion. The Court found no duty to employ the Hague Convention out of respect for another country's sovereignty, stating "[i]f such a duty were to be inferred from the adoption of the Convention itself, we believe it would have been described in the text of that document. Moreover, the concept of international comity requires in this context a more particularized analysis of the respective interests of the foreign nation and the requesting nation than petitioners' proposed general rule would generate." Aérospatiale, 482 U.S. at 543-544.

Court by restating arguments which have already been raised by Defendant. "A district court has broad discretion to manage pre-trial discovery." See Wood v. F.B.I., 432 F.3d 78, 84 (2d Cir. 2005). Within the scope of that discretion, this Court found fit, in line with prevailing law, to compel Defendant's deposition. Nothing raised in Defendant's Motion indicates a reason for the Court to diverge from its prior Order.

The motion for reconsideration, Dkt. No. 135, is DENIED.

SO ORDERED.

DATED:   New York, New York
         April 27, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge