UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,

                                Plaintiff,

      -against-                            MEMORANDUM DECISION
                                                       AND ORDER
CAROLYN BUFF,

                                                        19 Civ. 5549 (GBD) (JW)

                                Defendant.
------------------------------------------------------------------ x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff the United States of America brings this action against *pro se* Defendant Carolyn Buff to collect unpaid civil penalties assessed against Buff for violations of the Bank Secrecy Act ("BSA"), 31 U.S.C. § 5311 *et seq.* (Am. Compl., ECF No. 167.) On January 27, 2023, Plaintiff moved for summary judgment and to preclude Defendant from raising new defenses pursuant to Federal Rules of Civil Procedure 37 and 56. (*See* Mot. Summ. J., ECF No. 153; Mem. of Law in Supp. Mot. Summ. J., ECF No. 154.) Defendant opposed, also moving to amend her answer and assert two affirmative defenses pursuant to Federal Rules 15 and 60. (*See* Resp. and Cross-Mots., ECF No. 159.)

      Before this Court is Magistrate Judge Jennifer Willis's April 28, 2023 Report and Recommendation (the "Report"), recommending that Plaintiff's motion to preclude certain defenses be granted, Defendant's cross-motions be denied, and Plaintiff's motion for summary judgment be granted. (Report, ECF No. 169.) Because Defendant filed timely objections to the Report, (Objs. (the "Objections"), ECF. No. 172),[1] this Court undertakes a *de novo* review of the

---

[1] On June 30, 2023, Plaintiff filed a response to Defendant's Objections. (ECF No. 180.) On July 5, 2023, Defendant requested an extension of time until July 21, 2023 "in the event [she] decide[s] to file a Reply to the Plaintiff's submission." (ECF No. 181). Defendant lacks a right to reply to Plaintiff's response to her Objections. *See* Fed. R. Civ. P. 72(b)(2); *Mordukhaev v. Daus*, No. 09 Civ. 5149 (SHS), 2010 WL 3792191,

Report. After doing so, this Court ADOPTS Magistrate Judge Willis's Report in full.

## I.   BACKGROUND[2]

Defendant is a dual U.S.-French citizen living in France who maintained six bank accounts in foreign countries between 2006 and 2009. (Report at 2, 9.) The Internal Revenue Service ("IRS") requires the annual filing of a Report of Foreign Bank and Financial Accounts ("FBAR") by June 30 of the following calendar year for a person holding financial interest in foreign financial accounts exceeding $10,000. (*Id.* at 2 (citing 31 U.S.C. § 5314(b); also citing 31 C.F.R. § 1010.306).) Defendant did not file income tax returns for several years and then filed her tax returns for 2006, 2007, and 2008 in July 2010. (*Id.*) She filed FBARs for those years on September 21, 2011. (*Id.*) The IRS then determined that Defendant had untimely filed FBARs for 2006, 2007, and 2008. (*Id.* at 2–3.) The IRS further concluded that Defendant's violation was non-willful and assessed updated penalties of $30,000, plus interest and additional penalties.[3] (*Id.* at 3.) Plaintiff brought this action to collect these unpaid civil penalties assessed against Defendant for violations of the BSA. (Am. Compl. at 1.)

From March through October 2022, Parties disputed whether Defendant's deposition should be taken pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or

---

at *1 n.1 (S.D.N.Y. Sept. 28, 2010) ("This Court declines to consider [the party's] reply memorandum given that Fed. R. Civ. P. 72(b)(2) authorizes only objections and a response, not a reply, to a magistrate judge's report and because [the party] never sought leave of the Court to file these papers."), *aff'd*, 457 F. App'x 16 (2d Cir. 2012). Even construing Defendant's extension request as seeking leave of the Court to file a reply, this Court would not find such a reply regarding Defendant's repetitive arguments useful at the final stage in this protracted litigation. Defendant's request, (ECF No. 181), is therefore DENIED.

[2] The procedural and factual background is set forth in greater detail in the Report and is incorporated by reference herein.

[3] The IRS initially assessed a penalty of $60,000 against Defendant. (*See* Decl. of Stephanie Tse, ECF No. 156, ¶ 13.) However, following *Bittner v. United States*, 143 S. Ct. 713 (2023), Plaintiff calculated a revised penalty of $30,000. (Am. Compl. at 11.)

Commercial Matters ("Hague Convention"). (*See* Oct. 20, 2022 Disc. Order (the "Discovery Order"), ECF No. 126.) Following Defendant's failure to comply with the Court Order compelling her deposition and following the close of discovery on December 1, 2022, (*see* Report at 9), the parties filed the above motions. Magistrate Judge Willis's Report followed.

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a report to which a party properly objects. *Id.* However, "[w]hen a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate only when there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "'material' for the purposes of summary judgment when it 'might affect the outcome of the suit under the governing law.'" *See Barlow v. Male Geneva Police Officer*, 434 F. App'x 22, 25 (2d Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008), *cert. denied*, 558 U.S. 933 (2009)). When considering a motion for summary judgment, the court

must "resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion." *Cifarelli v. Village of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996). But "mere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment." *Id.*

### C. *Pro Se* Defendant

Courts tend to "afford a special solicitude to *pro se* litigants" because they "generally lack[] both legal training and experience and, accordingly, [are] likely to forfeit important rights through inadvertence if [they are] not afforded some degree of protection." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). Accordingly, courts construe "briefs submitted by *pro se* litigants liberally and read[] such submissions to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (quoting *Ortiz v. McBride*, 323 F.3d 191, 194 (2d Cir. 2003)). However, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings" in the report. *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (citation omitted).

### III. PLAINTIFF'S MOTION TO PRECLUDE CERTAIN DEFENSES AND MOTION FOR SUMMARY JUDGMENT ARE GRANTED, AND DEFENDANT'S CROSS-MOTIONS ARE DENIED

Magistrate Judge Willis's Report recommended that this Court grant Plaintiff's motion to preclude Defendant from asserting certain defenses, deny Defendant's motion to amend her answer to add a defense of reasonable cause, deny Defendant's motion for relief from judgment, and grant Plaintiff's motion for summary judgment. (Report at 19.) Upon review of the Report and Defendant's Objections, this Court adopts the Report in full.

#### A. Magistrate Judge Willis Properly Determined that Plaintiff's Motion to Preclude Certain Defenses Should Be Granted as a Sanction for Defendant's Noncompliance

When determining if Federal Rule 37 sanctions are appropriate, a court may consider: (1)

4

the willfulness of the noncompliant party; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the noncompliant party was warned of the consequences of noncompliance. *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (citation omitted). Magistrate Judge Willis determined that all factors favor preclusion of Defendant's defenses as an appropriate sanction. (Report at 10.) Defendant had argued that she would be subject to European criminal and civil liability if she were to sit for her deposition. (*See* Objs. at 7.) However, Magistrate Judge Willis previously addressed this argument and dismissed it as meritless. (*See* Disc. Order at 7–8.) Accordingly, this Court will review the Report's finding on Defendant's repetitive arguments for clear error. *Molefe*, 602 F. Supp. 2d at 487. Upon review of the entire record, this Court lacks any "definite [or] firm conviction that a mistake has been committed." *Snow*, 462 F.3d at 72 (citation omitted).

### 1. Defendant Willfully Refused to Comply with the Discovery Order

"Noncompliance with discovery orders is considered wi[l]lful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." *Baba v. Japan Travel Bureau Int'l*, 165 F.R.D. 398, 402–03 (S.D.N.Y. 1996). The Court's Discovery Order clearly stated that "if Defendant refuses to sit for her deposition[,] she will have waived her right to raise any defenses at the summary judgment stage." (Disc. Order at 16.) Defendant made no indication that she did not understand these consequences, and compliance was not beyond her control. (*See* Report at 7–8.) Yet, Defendant continued to refuse to sit for her deposition, falsely claiming that complying with the Order would subject her to European sanctions.[4] (Objs. at 11.) Defendant's conduct was thus willful.

### 2. Lesser Sanctions Would Not Be Effective

---

[4] As Magistrate Judge Willis rightly held after her analysis of the French blocking statute, this argument is meritless. (*See* Report at 8; *see also* Disc. Order at 7–8.)

5

Magistrate Judge Willis properly determined that precluding Defendant from asserting certain defenses is an appropriate sanction for Defendant's noncompliance. (Report at 8.) The proposed sanction is commensurate with Defendant's conduct and is the least severe sanction available. (*Id.* at 8–9.) Defendant proposes that she could instead be precluded from "rel[ying] on any information that [she] might have adduced in the deposition." (Objs. at 13.) However, this proposition is the functional equivalent of the sanction imposed, given that the purpose of Defendant's deposition was to outline Defendant's possible defenses. (*See* Disc. Order at 13.) Defendant's noncompliance merits the sanction imposed.

### 3. The Duration of Defendant's Noncompliance Militates in Favor of Sanctions

The Order compelling Defendant's deposition was entered on October 20, 2022, and Defendant was given until December 1, 2022, to sit for her deposition.[5] (Report at 9.) Defendant was thus noncompliant with the Discovery Order for 45 days—a period sufficient to take a deposition as limited in scope as the one proposed. (*Id.* at 9–10 (citing *Martin v. City of New York*, No. 09 Civ. 2280 (PKC) (JLC), 2010 WL 1948597, at *2 (S.D.N.Y. May 11, 2010)).) The length of Defendant's noncompliance thereby justifies the sanction imposed. (*Id.* at 10.)

### 4. Defendant Was Sufficiently Warned of the Consequences of Noncompliance

Discovery sanctions are appropriate where the noncomplying party was given notice and an opportunity to respond. *Antonmarchi v. Consol. Edison Co. of N.Y.*, 514 F. App'x 33, 35 (2d Cir. 2013). Defendant was specifically warned that if she refused to comply with the Discovery Order, she would be precluded from raising defenses at this stage in the litigation. (Report at 10;

---

[5] Defendant requested an extension of time to sit for her deposition so that she could determine "whether or not [she] would be subject to French penal sanctions." (Objs. at 14.) Magistrate Judge Willis denied Defendant's request as untimely. (*See* Dec. 1, 2022 Hr'g Tr., ECF No. 151, at 13:11–15:12; *see also* Disc. Order at 16.)

*see also* Disc. Order at 16.) Moreover, Defendant "d[oes] not deny that [she] was warned of the consequences of non-compliance." (Objs. at 14.) Therefore, this Court adopts the Report's recommendation and grants Plaintiff's motion to preclude new defenses.

### B. Magistrate Judge Willis Properly Found that Defendant's Motion to Amend Her Pleading Under Rule 15 Should Be Denied

A court "has discretion to deny leave to amend 'where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice' other parties." *Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir. 2000) (citation omitted). Defendant argues that she should be permitted to assert the new defense of reasonable cause under Rule 15 because she was previously unaware of this defense.[6] (*See* Resp. and Cross-Mots. at 3; Objs. at 19.) However, Defendant's ignorance of the law cannot justify her delay. *See Goss v. Revlon Inc.*, 548 F.2d 405, 407 (2d Cir. 1976) (denying untimely motion to amend pleading where *pro se* litigant asserted ignorance of the law). Furthermore, a "proposed amendment is especially prejudicial when discovery ha[s] already been completed and [the] non-movant ha[s] already filed a motion for summary judgment." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (cleaned up). Because Defendant's cross-motion to amend her initial pleading is untimely and prejudicial to Plaintiff, her cross-motion is denied. (*See* Report at 13–15.)

### C. Magistrate Judge Willis Properly Recommended Denying Defendant's Cross-Motion for Relief Pursuant to Federal Rule of Civil Procedure 60(b)(3)

Defendant also moves pursuant to Federal Rule 60(b)(3) for relief from final judgment due to Plaintiff's alleged misrepresentations in the motion for summary judgment and other documents related to the parties' discovery dispute. (Report at 15.) Rule 60(b)(3) is plainly inapplicable here

---

[6] "No penalty shall be imposed" in FBAR cases if "such violation was due to reasonable cause" and "the amount of the transaction or the balance in the account at the time of the transaction was properly reported." (*See* Resp. and Cross-Mots. at 3 (quoting 31 U.S.C. § 5321(a)(5)(B)(ii)(I), (II)).)

because there is no final judgment. (*Id.*) Although such a motion may be granted "to afford relief . . . as justice requires," (Objs. at 20 (quoting *Keawsri v. Ramen-Ya Inc.*, No. 17 Civ. 2406 (LJL), 2023 WL 374012, at *5 n.3 (S.D.N.Y. Jan. 24, 2023))), there must first be a final judgment or order in place. (Report at 15.) Moreover, Defendant presents no new, substantive argument as to how Plaintiff allegedly misrepresented the nature of this case to the Court.[7] Therefore, Defendant's request for relief under Rule 60(b)(3) is denied.

### D. Magistrate Judge Willis Properly Found that Plaintiff's Motion for Summary Judgment Should Be Granted

Parties do not contest "[t]he basic facts underpinning [Defendant's] failure to file the FBAR[s] in a timely manner," (Report at 17), nor that Defendant had a responsibility to file the FBARs for calendar years 2006, 2007, and 2008, (*see id.* at 18). Defendant's chief argument in response to Plaintiff's motion for summary judgment is that she should be permitted to amend her answer to add a defense of reasonable cause. (*See* Resp. and Cross-Mots. at 2.) For the reasons discussed above, Defendant is precluded from asserting such a defense. (*See* discussion *supra* Sections III.A–B.) Additionally, Defendant has not substantiated her claim that summary judgment is improper with any evidence. (*See* Objs. at 21.) Accordingly, Plaintiff has prevailed on its motion for summary judgment as to Defendant's liability for civil penalties pursuant to 31 U.S.C. § 5321.

## IV. CONCLUSION

Defendant's Objections, (ECF No. 172), are OVERRULED. Magistrate Judge Willis's

---

[7] Defendant asserts that Plaintiff misrepresented this case as an administrative tax matter rather than a civil matter, the latter of which France would have found to fall under the Hague Convention. (Report at 15.) However, Magistrate Judge Willis previously and correctly determined that this case qualifies as a tax matter outside the scope of the Hague Convention. (Disc. Order at 10.)

Report and Recommendation is ADOPTED in full. Plaintiff's motions to preclude certain defenses and for summary judgment, (ECF No. 153), are GRANTED. Defendant's cross-motions to assert affirmative defenses and amend her pleadings, (ECF No. 159), are DENIED.

The Clerk of Court is respectfully directed to close the open motion at ECF No. 153. Plaintiff has 30 days from the date of this decision to submit a proposed final judgment with updated calculations of interest and revised penalties under 31 U.S.C. § 3717(e).

Dated: July 11, 2023
      New York, New York

SO ORDERED.

_George B. Daniels_
GEORGE B. DANIELS
United States District Judge